**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| JARED D. MABE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:19-CV-146-DCLC |
| | ) | |
| SOUTHWEST VIRGINIA REGIONAL | ) | |
| JAIL AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983

[Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].

Plaintiff's complaint is against the Southwest Virginia Regional Jail Authority and sets

forth claims relating to the conditions of his confinement in the Duffield jail facility. The general

venue statute for federal district courts provides in relevant part, as follows:

> A civil action may be brought in—(1) a judicial district in which any
> defendant resides, if all defendants are residents of the State in
> which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the subject of the
> action is situated; or (3) if there is no district in which an action may
> otherwise be brought as provided in this section, any judicial district
> in which any defendant is subject to the court's personal jurisdiction
> with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3). A federal district court may transfer a civil action to any district or

division where it could have been filed originally "in the interest of justice." 28 U.S.C. § 1406(a).

As set forth above, Plaintiff's complaint sets forth claims arising in the Southwest Virginia

Regional Jail in Duffield, Virginia. The Southwest Virginia Regional Jail in Duffield is in Scott

County, Virginia, which lies within the Big Stone Gap Division of the Western District of Virginia.

28 U.S.C. § 127(b); http://www.vawd.uscourts.gov/court-information/where-to-file.aspx. The Court therefore concludes that the proper venue for this case is the Big Stone Gap Division of the Western District of Virginia. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Big Stone Gap Division of the Western District of Virginia and to close this Court's file.

SO ORDERED

s/ Clifton L. Corker
United States District Judge